ORIGINAL

junequindople

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
OCT - 3 2007
JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00073 |
| Plaintiff, | |
| vs. | A M E N D E D |
| | PLEA AGREEMENT |
| JUNE GONZAL QUINDO, JR., | |
| Defendant. | |

FILED
DISTRICT COURT OF GUAM
OCT - 5 2007
JEANNE G. QUINATA
Clerk of Court

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JUNE GONZAL QUINDO, JR., enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of an Indictment charging him with Drug User in Possession of Firearms, in violation of Title 18, United States Code, Sections 922(g)(3), 924(a)(2) and 2, Count III of an Indictment charging him with Possession of a Controlled Substance With Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii); and to Count V, Forfeiture Allegation, in violation of Title 21, United States Code, Sections 842 and 853.

The Government will move to dismiss Counts II and IV at Sentencing.

1

2(a). The defendant, JUNE GONZAL QUINDO, JR., further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of the possession, receipt, and distribution of firearms or ammunition or controlled substances, and related unlawful activities, including the disposition of profits from and assets relating to such activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offenses to which he is pleading guilty. Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or has done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses which he reveals to Federal authorities.

2

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular in Paragraph 11, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam, the District of the Northern Mariana Islands (CNMI), which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the Districts of Guam or the CNMI.

3. The defendant, JUNE GONZAL QUINDO, JR., understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of illegal receipt, possession, transportation, or trafficking in firearms or ammunition or controlled substances or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as may be directed by the Court. Defendant specifically consents to the forfeiture and any civil related forfeiture, specifically forfeiting $1,220.00 in U.S. currency, in that such sum, in aggregate was received in exchange for the distribution of controlled substances or is traceable thereto and agrees to cooperate in resolving third-party claims, if any, in favor of the United States. Defendant warrants that he is the sole owner of the property listed above and agrees to hold the United States, its agents ane employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement. Defendant further agrees to endorse a preliminary order of forfeiture to be submitted to the Judge at the time the guilty plea is entered.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeitures for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of

3

assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

4. The defendant, JUNE GONZAL QUINDO, JR., further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner if called upon to do so by the government. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in unlawful firearm or controlled substances and related activities, his knowledge of others' involvement in such activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant or others through unlawful firearm activities or the use of such assets or conveyances to further such unlawful activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

5(a). The defendant, JUNE GONZAL QUINDO, JR., understands that the <u>maximum</u> sentence *only* for the Count I, Drug User in Possession of a Firearm is ten years imprisonment, and a $250,000 fine, **$100 special assessment fee which must be paid at the time of sentencing,** and a term of supervised release of three years. *Defendant understands that the <u>maximum</u> sentence for Count III, Possession of a Controlled Substance With Intent to Distribute is not less than five years and not more than forty years *imprisonment only*, a $200,000 fine, and a term of supervised release of four years in addition to such terms of imprisonment, as well as such restitution as the court may order *only* and a ~~$200.00~~ **$100.00** special assessment fee which must be paid at time of sentencing. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised

*If the defendant violates a condition of his supervised release term and the Court revokes such term of supervised release he may face not more than an additional two years imprisonment.

4

release, thereby resulting in the additional incarceration of defendant for not more than ~~two (2)~~ three (3) years pursuant to 18 U.S.C. § 3583(e)(3).

5(b) If defendant cooperates as set forth in Paragraphs 2, 3, and 4, the government will recommend that defendant receive the minimum term of incarceration legally available under the applicable statutes and Sentencing Guidelines. If defendant does not fully cooperate as set forth in Paragraphs 2, 3, and 4, the government will recommend a sentence of incarceration within the applicable statutes and Guidelines range it may deem appropriate.

5(c) If the United States believes the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1, the United States will request the court to depart below the statutory minimum pursuant to Title 18, United States Code, Section 3553(e), and may, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range, when fixing a sentence for defendant, or may, within one year after sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a departure for substantial assistance. Defendant further acknowledges that no promise of any kind has been made that a motion requesting such departure will be made except as otherwise provided herein.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U.S. Attorney, defendant has provided substantial assistance which would merit a government request for a departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

(1) The United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

(2) The truthfulness, completeness, and reliability of any information or testimony provided by defendant;

(3) the nature and extent of defendant's assistance;

(4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and

5

(5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived substantial assistance, the final decision as to how much, if any, reduction in sentence is warranted because of that assistance rests solely with the District Court.

5(d) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purposes of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

6. The defendant understands that to establish a violation of Count I of Drug User in Possession of Firearms as charged pursuant to 18 U.S.C. §§ 922(g)(3), 924(a)(2) and 2, the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant was an unlawful user of a controlled substance, that is, marijuana;
>
> Second: the defendant knowingly received firearms, a Glock pistol, model 17, caliber 9 mm, serial number ACL165US, and a Raven Arms, model MP-25, caliber 25, serial number obliterated, while he was an unlawful user of a controlled substance;
>
> Third: the firearms, a Glock pistol, model 17, caliber 9 mm, serial number ACL165US, and a Raven Arms, model MP-25, caliber 25, serial number obliterated, had been transported in interstate commerce at some time during or before defendant's receipt of it.

The defendant understands that to establish a violation of Count III of Possession of a Controlled Substance With Intent to Distribute as charged pursuant to 21 U.S.C. §§ 841(a)(1) and 842(b)(B)(vii), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly possessed ~~marijuana~~ 100 or more marijuana plants, a Schedule I controlled substance; and
>
> Second: the defendant possessed it with the intent to deliver it to another person.

7. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

a. The defendant was born in 1985, and is a citizen of the United States.

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8 of the sentencing guidelines, such information should not be used in determining the applicable guidelines range.

c. On or about June 26, 2007, Superior Court of Guam Marshals were attempting to effectuate a Warrant of Arrest at 320 Mabini Street, NCS Dededo. Superior Court Marshal Rudy G. Cepeda walked around the home and saw numerous marijuana plants in plain view. Marshal Cepeda contacted Guam Police. Defendant JUNE G. QUINDO JR. then exited the residence stating "The marijuana plants are all mine." Defendant stated that he learned how to grow and sell marijuana, that he used marijuana daily, and that he used marijuana as recently as June 25, 2007. Defendant also stated that he possessed the marijuana plants with the intent to deliver it to other persons. Guam Police determined that the defendant had four hundred marijuana plants in his possession, $1,220.00 in U.S. Currency, as well as zip-loc bags and marijuana seeds.

d. On June 26, 2007, defendant JUNE G. QUINDO JR., was an unlawful user of a Schedule I controlled substance, that is Marijuana. While an unlawful user of a controlled substance, Defendant knowingly received two firearms, a Glock pistol, model 17, caliber 9 mm, serial number ACL165US, and a Raven Arms, model MP-25, caliber 25, serial number obliterated.

//
//
//

7

e. ~~d.~~ The firearms, a Glock pistol, model 17, caliber 9 mm, serial number ACL165US, and a Raven Arms, model MP-25, caliber 25, serial number obliterated had been shipped in interstate or foreign commerce at some time during or before the defendant's possession of it.

f. ~~e.~~ The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes and for the count which was to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. Defendant understands that whether he has completely fulfilled all of the obligations under this agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

10. The defendant understands that his sentencing may be continued, at the discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

11. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

9

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendation of the government or his counsel;

f. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

g. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

h. That he has read the plea agreement and understands it.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

i. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 10/2/07

JUNE GONZAL QUINDO, JR.
Defendant

DATED: 10/2/07

RICHARD ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 10/3/07

By: ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: 10/3/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

11